IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GWENN HALE, Inmate #N23801, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>J. WILSON, LT. HODGES, C/O )<br>STRAFFORD, LT. BAYLOR, LT. )<br>BARRON, MAJOR BICE, L. )<br>TEVERBAUM, COUNSELOR WATSON, )<br>and C/O THOMASON, )<br>)<br>        Defendants. ) | CIVIL NO. 04-144-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

    **COUNT 1:**    Against defendants Barron, Baylor, and Bice for failure to protect Plaintiff from assault by another inmate, in violation of the Eighth Amendment.

    **COUNT 2**:    Against defendants Wilson, Hodges, Stafford, Teverbaum, Watson, and Thomason for unconstitutional retaliation against Plaintiff for filing grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that no portion of this complaint may be dismissed at this point in the litigation.

## COUNT 1

In his complaint and "more definite statement" (Doc. 9) Plaintiff states that he was assigned a new cellmate in October 2003. Plaintiff believed that the new cellmate, Henderson, intended him harm. Plaintiff states that he informed "multiple" staff members at Lawrence Correctional Center of his fear of harm at the hands of Henderson, but staff "continuously remained aloof, belligerent, and scornful of the Plaintiff's requests to be celled away from Henderson." On November 1, 2003, Defendants Barron and Baylor put Henderson in segregation (it is not clear whether or not the placement was a result of Plaintiff's complaints) but he was brought back after only fifteen minutes. On November 6, 2003, Henderson assaulted Plaintiff. Plaintiff states that Defendants Baylor, Barron, and Bice knew of Plaintiff's complaints about Henderson, but did nothing to prevent the assault.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations

omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997).  However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Based on these standards, Plaintiff's claim that Defendants failed to protect him from assault by inmate Henderson cannot be dismissed at this point in the litigation.  *See* 28 U.S.C. § 1915A.

**COUNT 2**

The rest of Plaintiff's allegations are somewhat difficult to decipher.  Plaintiff states that after the assault, a number of negative actions were taken against him.  In his "more definite statement" he indicates that he believed the various actions were taken against him in retaliation for complaining about the incident.  Plaintiff states that after the assault, Defendants Hodges and Stafford refused to separate Henderson and Plaintiff, rendering Plaintiff fearful of another attack and leaving Henderson "in charge of Plaintiff's food, causing great abuse and horror" to the Plaintiff.  Plaintiff also states that Nurse Parker (not a defendant) refused Plaintiff any treatment for his injuries, but that later Nurse Dickerson and Dr. Gonzales (not defendants) found evidence of "swelling" and reported that Plaintiff

was in "obvious pain."

Plaintiff states that he was interviewed by Internal Affairs staff, but that no records of the assault were ever made by Defendants Henson (not a defendant), Thomson, Wilson, or Hodges. Internal Affairs did not secure medical evidence regarding the attack. Plaintiff states that after his complaints and grievances regarding the assault, other staff, "harassed, goaded, and threatened Plaintiff to the point that Plaintiff believed himself, his safety, and that of his family hopeless." Plaintiff states that from November 18, 2003, until his transfer in March 2004, he was abused by staff in the following ways. C/O Wolfe (not a defendant) struck him in the lower back. Defendants Teverbaum and Watson refused to let him contact his family by telephone, even after he received word that his brother was missing. Other defendants (not named) tampered with and altered his mail. Defendant Thomason harassed Plaintiff by telling him that he was pretending to be injured and by threatening him when he could not "keep up with the line" because of his injuries. Plaintiff states he was interviewed three times by Internal Affairs about the attack and was "ridiculed" by them and eventually had a "retaliatory disciplinary report" brought against him.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Based on these standards and Plaintiff's allegations, this claim may not be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

<u>SUMMARY AND CONCLUSION</u>

Plaintiff is allowed to proceed against Defendants Barron, Baylor, and Bice, on Count 1 and Defendants Wilson, Hodges, Stafford, Teverbaum, Watson, and Thomason on Count 2.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **BAYLOR, BARRON, BICE, WILSON, HODGES, STAFFORD, TEVERBAUM, WATSON, and THOMASON** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **9** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BAYLOR, BARRON, BICE, WILSON, HODGES, STAFFORD, TEVERBAUM, WATSON, and THOMASON**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BAYLOR, BARRON, BICE, WILSON, HODGES, STAFFORD, TEVERBAUM, WATSON, and THOMASON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a

properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel,

upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 19th day of October, 2005.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**