IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GWENN HALE, Inmate #N23801, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 04-144-MJR |
| | ) |
| J. WILSON, *et al.*, | ) |
| | ) |
|         Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action comes before the Court on defendants' motion to revoke Plaintiff's *in forma pauperis* status and dismiss the case pursuant to 28 U.S.C. § 1915(g) (Doc. 21).

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.,* 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996).

Plaintiff was originally granted leave to proceed *in forma pauperis* on October 19, 2004 (Doc. 5). Upon review of the relevant case history, it appears that Plaintiff has indeed had at least three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Hale v. Washington,* Case No. 97-cv-

1034-PER (S.D. Ill., filed Dec. 24, 1997); *Hale v. Fairman,* Case No. 95-cv.6588 (N.D. Ill., filed Jan. 12, 1996); *Hale v. Christian*, Case No. 95-cv-1259 (N.D. Ill., filed April 17, 1995). Furthermore, the allegations in the complaint do not show that Plaintiff is under imminent danger of serious physical injury.

Defendants ask that this action be dismissed because of Plaintiff's "three-strike" status. The case cannot be dismissed outright as a result of the Plaintiff's litigation history. Accordingly the motion to dismiss (Doc. 21) is **DENIED**.

However, Plaintiff will now be required to pay the balance due of the original filing fee. As of January 18, 2006, Plaintiff had paid $26.19 toward the filing fee of $150.00.

**IT IS HEREBY ORDERED** that Defendants' motion to revoke Plaintiff's *in forma pauperis* status (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the unpaid balance of the filing fee, **$123.81,** within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 23rd day of January, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**