IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GWENN HALE, Inmate #N23801,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 04-144-MJR** |
| ) | |
| **J. WILSON,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Currently pending before the Court are Plaintiff's motions for reconsideration of the order dismissing his case (Doc. 29) and a motion to add a supplement to the motion (Doc. 30).

**Motion to Reconsider**

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).  As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order dismissing the case was entered in this action on March 15, 2006, and the instant

motion was filed on March 23, 2006, within the 10-day period.  *See* FED.R.CIV.P. 59(e).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

*Factual Background*

Plaintiff filed this action in March 2004, alleging that defendants failed to protect him from an assault by his cellmate and that defendants retaliated against him for filing grievances complaining about his conditions of confinement (Doc. 1).  On October 19, 2004, the Court granted Plaintiff's motion to proceed *in forma pauperis* in the action (Doc. 5).  On October 19, 2005, the Court completed its threshold review of the case pursuant to 28 U.S.C. § 1915A, allowed Plaintiff to proceed on both counts of the complaint, ordered service upon defendants, and referred the entire action to United States Magistrate Judge Clifford J. Proud for further disposition (Doc. 10).  On January 17, 2006, Defendants Wilson, Hodge, Stafford, Baylor, Barron, Watson, Teverbaugh, and Thomason filed a motion requesting that the Court revoke the Plaintiff's *in forma pauperis* status and dismiss them as defendants from the action, pursuant to 28 U.S.C. § 1915(g), because Plaintiff had on three or more occasions while incarcerated or detained in any facility, filed an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim (Doc. 21).  Upon review of the Plaintiff's litigation history in federal court, the Court found that Plaintiff had accumulated "three strikes" and therefore was not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court denied the Defendants' motion in part however, to give Plaintiff

additional time to pay the entire filing fee due in the action (Doc. 24).  The Court also granted Plaintiff's request for an extension of time to pay the fee (Doc. 26).  Plaintiff did not pay the outstanding balance due, and in accordance with its earlier orders, the Court dismissed the case without prejudice for failure to comply with an order of the Court on March 15, 2006 (Doc. 28).

*Imminent Danger*

Plaintiff now seeks reconsideration of the order dismissing his case.  He makes two basic arguments.  First, he argues that he is under "imminent danger of serious physical harm" and is therefore exempt from the "three strikes" restriction of section 1915(g) and should be allowed to proceed in forma pauperis.  Plaintiff states specifically that "a systematic series" of retaliatory actions, as described in a number of federal civil rights actions, have been taken against him, and when taken together, these acts, along with those pleaded in the complaint, amount to "imminent danger" as contemplated by 28 U.S.C. § 1915(g).

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed."  *Id.*  A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred.  *Id.*  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those harms that had already occurred."  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

The Court cannot consider allegations from other cases in its "imminent danger" determination of this case; only those allegations stated in Plaintiff's complaint may be considered.

Plaintiff, admittedly, is no longer housed at Lawrence Correctional Center, where the alleged events occurred. He is no longer housed with the inmate who assaulted him and the defendants in the case no longer control his custody. As such, the events described in the complaint represent past injury that cannot recur. Accordingly, Plaintiff has not sufficiently alleged imminent danger of serious physical injury.

*Prior Cases*

Second, Plaintiff argues that the prior "strikes," that is the prior cases of his that were dismissed because they were frivolous, malicious, or failed to state a claim, *see* 28 U.S.C. § 1915(g), should not actually count as "strikes" because each of them was improperly dismissed because of "mail fraud." This is absurd. Plaintiff has a lengthy history of litigation in the United States District Courts for both the Southern and Northern Districts. He has not had difficulty filing cases. Plaintiff cannot make this argument in good faith.

Upon review of the record, the Court remains persuaded that its ruling dismissing the case for failure to comply with the Court's order to pay the outstanding balance of the filing fee was correct. Therefore, the instant motion (Doc. 29) is **DENIED**.

**Motion to Add Supplement to the Motion to Reconsider**

Plaintiff has also filed a motion to add a supplement to his motion to reconsider (Doc. 30). In the proposed supplement, Plaintiff states that his motion to reconsider was inadequate because he did not receive adequate legal help from the law librarians/law clerks at the prison. He states that he was further hindered because the photocopier in the law library was broken. He asks that the Court consider his lack of assistance and his lack of legal knowledge. The Court will grant the motion to supplement, however Plaintiff's difficulty finding legal assistance or making copies does

not affect the Court's decision to deny the motion to reconsider.  On the contrary, Plaintiff filed a lengthy (14 pages) motion and 25 pages of exhibits.  The Court was not in need of additional materials besides the complaint and the motion to reconsider.

Accordingly, The motion to supplement (Doc. 30) is **GRANTED**.  *The Clerk shall file the proposed amended supplement.*

**IT IS SO ORDERED.**

**DATED this 14th day of April, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
